**No. 22-3772**

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

_____

ALLSTATES REFRACTORY CONTRACTORS, LLC,

*Plaintiff-Appellant*,

v.

JULIE A. SU, et al.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of Ohio, Western Division
(No. 3:21-cv-01864, Hon. Jack Zouhary)

_____

### BRIEF OF AMICUS CURIAE AMERICANS FOR PROSPERITY FOUNDATION  IN SUPPORT OF APPELLANT'S PETITION FOR REHEARING EN BANC

_____

Michael Pepson
AMERICANS FOR PROSPERITY FOUNDATION
1310 N. Courthouse Road, Ste. 700
Arlington, VA 22201
571.329.4529
mpepson@afphq.org

October 10, 2023                    *Attorney for Amicus Curiae*

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 22-3772              Case Name: Allstates Refractory Contractors v. Su

Name of counsel: Michael Pepson

Pursuant to 6th Cir. R. 26.1, Americans for Prosperity Foundation
                                              *Name of Party*
makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

No.

CERTIFICATE OF SERVICE

I certify that on _____ October 10, 2023 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Michael Pepson

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

# TABLE OF CONTENTS

TABLE OF CONTENTS.......................................................................................i

TABLE OF AUTHORITIES .............................................................................ii

INTEREST OF *AMICUS CURIAE*........................................................................1

SUMMARY OF ARGUMENT ............................................................................1

ARGUMENT .......................................................................................................2

I.   The OSH Act Grants OSHA Sweeping Legislative Power to Make Important Policy Choices Affecting the Entire Private Economy ...................................2

II.  The OSH Act Unconstitutionally Delegates Legislative Power to OSHA ....4

   A. The Separation of Powers Protects Liberty…...............................................4

   B. The Constitution Bars Congress from Transferring Its Legislative Power ....5

   C. The OSH Act Lacks An Intelligible Principle.................................................7

III. The Time Has Come to Enforce the Separation of Powers...........................9

CONCLUSION...................................................................................................11

CERTIFICATE OF COMPLIANCE...................................................................12

CERTIFICATE OF SERVICE .............................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*A.L.A. Schechter Poultry Corp. v. United States*,
   295 U.S. 495 (1935)..................................................................................4, 5, 9

*Biden v. Nebraska*,
   143 S. Ct. 2355 (2023).....................................................................................1

*Collins v. Yellen*,
141 S. Ct. 1761 (2021) ....................................................................................4

*DOT v. Ass'n of Am. R.R.*,
   575 U.S. 43 (2015)...........................................................................................7

*Gundy v. United States*,
   139 S. Ct. 2116 (2019)..................................................................3, 5, 6, 7, 9

*Indus. Union Dep't, AFL-CIO v. API*,
   448 U.S. 607 (1980)..................................................................................2, 4, 6

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers v.
   OSHA*,
   938 F.2d 1310 (D.C. Cir. 1991)......................................................................3

*Jarkesy v. SEC*,
   34 F.4th 446 (5th Cir. 2022) ...........................................................................8

*Jennings v. Rodriguez*,
   138 S. Ct. 830 (2018).....................................................................................10

*J.W. Hampton, Jr., & Co. v. United States*,
   276 U.S. 394 (1928)..........................................................................................7

*Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*,
   140 S. Ct. 2367 (2020).....................................................................................10

*MCP No. 165 v. U.S. DOL*,
   20 F.4th 264 (6th Cir. 2021) ...........................................................................9

*Morrison v. Olson*,
    487 U.S. 654 (1988) ...................................................................................4

*Myers v. United States*,
    272 U.S. 52 (1926) .....................................................................................4

*Nat'l Fed'n of Indep. Bus. v. DOL, OSHA*,
    142 S. Ct. 661 (2022) ................................................................................5

*Paul v. United States*,
    140 S. Ct. 342 (2019) .............................................................................6, 9

*Perez v. Mortg. Bankers Ass'n*,
    575 U.S. 92 (2015) ..................................................................................4, 5

*Rop v. Fed. Hous. Fin. Agency*,
    50 F.4th 562 (6th Cir. Oct. 2022) .......................................................5, 9, 10

*Shankland v. Washington*,
    30 U.S. 390 (1831) ....................................................................................5

*Texas v. Rettig*,
    993 F.3d 408 (5th Cir. 2021) .............................................................4, 9, 10

*Tiger Lily, LLC v. HUD*,
    5 F.4th 666 (6th Cir. 2021) ...................................................................6, 11

*United States v. Nichols*,
    784 F.3d 666 (10th Cir. 2015) ..............................................................3, 7

*United States v. Pheasant*,
    No. 21-cr-00024,
    2023 U.S. Dist. LEXIS 72572 (D. Nev. Apr. 26, 2023) .......................................8

*United States v. Rife*,
    33 F.4th 838 (6th Cir. 2022) .....................................................................9

*Wayman v. Southard*,
    23 U.S. (10 Wheat.) 1 (1825) .............................................................2, 5, 6, 7

*West Virginia v. EPA*,
    142 S. Ct. 2587 (2022) ..............................................................................6

*Whitman v. Am. Trucking Ass'ns*,
  531 U.S. 457 (2001) ............................................................7, 8, 10

**Constitution**

U.S. Const. Art. I, § 1 ............................................................2, 7

**Statutes**

29 U.S.C. § 651(b) ....................................................................2

29 U.S.C. § 651(b)(3) ...............................................................3

29 U.S.C. § 652(8) ....................................................................3

29 U.S.C. § 666 ........................................................................8

**Rules**

FRAP 29(a)(4) ..........................................................................1

**Other Authorities**

Antonin Scalia,
  *A Note on the Benzene Case*, Reg., July/Aug. 1980 ............................2

Brett M. Kavanaugh,
  *Our Anchor for 225 Years and Counting: The Enduring Significance of
  the Precise Text of the Constitution*,
  89 Notre Dame L. Rev. 1907 (2014) ....................................................5

Cass R. Sunstein,
  *Is OSHA Unconstitutional?*,
  94 Va. L. Rev. 1407 (2008) ............................................3, 4, 8, 9, 10

## INTEREST OF *AMICUS CURIAE*[1]

*Amicus curiae* Americans for Prosperity Foundation ("AFPF") is a 501(c)(3) nonprofit organization committed to educating and training Americans to be courageous advocates for the ideas, principles, and policies of a free and open society. Some of those key ideas include the separation of powers and constitutionally limited government. As part of this mission, AFPF appears as *amicus curiae* before state and federal courts.

## SUMMARY OF ARGUMENT

This case is not about what constitutes sound public policy. "The question here is not whether something should be done; it is who has the authority to do it." *Biden v. Nebraska*, 143 S. Ct. 2355, 2372 (2023). At the federal level, our Constitution exclusively tasks the People's elected representatives with making important policy choices, subject to constitutional constraints. And the political branches may only do so through duly enacted legislation that survives bicameralism and presentment, a deliberately difficult process designed to ensure such laws reflect

---

[1] Pursuant to FRAP 29(a)(4)(E), *amicus curiae* states that no counsel for a party other than AFPF authored this brief in whole or in part, and no counsel or party other than AFPF made a monetary contribution intended to fund the preparation or submission of this brief. No person other than *amicus curiae* or its counsel made a monetary contribution to its preparation or submission. This brief is accompanied by a motion for leave to file.

broad political consensus. Toward this end, the Constitution bars Congress from transferring *any* of its legislative power to other entities. U.S. Const. Art. I, § 1.

Here, Congress has done that which the Constitution prohibits by delegating to unelected administrators legislative power to make important public policy choices impacting the entire private economy. There is no way to sweep this constitutional disorder under the rug. "For 88 years, federal courts have tiptoed around the idea that an act of Congress could be invalidated as an unconstitutional delegation of legislative power." Dissent 16. "[T]hat streak should end today." *Id*. It is long past time for the judiciary to "reshoulder the burden of ensuring that Congress itself make the critical policy decisions," *Indus. Union Dep't, AFL-CIO v. API*, 448 U.S. 607, 687 (1980) (Rehnquist, C.J., concurring in judgment), by "hewing" the nondelegation doctrine "from the ice," Antonin Scalia, *A Note on the Benzene Case*, Reg., July/Aug. 1980, at 28.

## ARGUMENT

### I.    The OSH Act Grants OSHA Sweeping Legislative Power to Make Important Policy Choices Affecting the Entire Private Economy.

The OSH Act delegates to OSHA sweeping legislative power to make major policy choices on "important subjects." *See Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 43 (1825) (Marshall, C.J.). In 1970, Congress tasked OSHA with the amorphous goal of "assur[ing] so far as possible every working man and woman in the Nation safe and healthful working conditions[.]" 29 U.S.C. § 651(b). "[T]he

2

scope of the regulatory program" at issue "is immense, encompassing all American enterprise." *Int'l Union, United Auto., Aerospace & Agric. Implement Workers v. OSHA*, 938 F.2d 1310, 1317 (D.C. Cir. 1991). "OSHA covers essentially all American workers[.]" Cass R. Sunstein, *Is OSHA Unconstitutional?*, 94 Va. L. Rev. 1407, 1431 (2008).

Congress, however, punted the major policy choices necessary to achieve this broad, abstract aim to the unelected officials at OSHA. *See* 29 U.S.C. § 651(b)(3); Sunstein, 94 Va. L. Rev. at 1407, 1431. It "did not specify what safe and healthful working conditions governed almost every business in the United States," transferring "that power—the discretion of whether to create a [permanent] standard and of what standard to create"—to the Secretary. Dissent 37. Essentially, "Congress pointed to a problem that needed fixing and more or less told the Executive to go forth and figure it out." *United States v. Nichols*, 784 F.3d 666, 674 (10th Cir. 2015) (Gorsuch, J., dissenting from denial of rehearing en banc).

Under the statute, "[a]ll [the Secretary] must do is find a standard 'appropriate' for some rhyme or reason." Dissent 43 n.18 (citing 29 U.S.C. § 652(8)). That is it. Nor did Congress otherwise provide "meaningful guidance. It did not, for example, reference any pre-existing common law [of workplace safety]. And it did not announce rules contingent on executive fact-finding." *Gundy v. United States*, 139 S. Ct. 2116, 2137 (2019) (Gorsuch, J., dissenting); *see* Dissent 16, 43.

"This is delegation running riot." *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 553 (1935) (Cardozo, J., concurring). "It is difficult to imagine a more obvious example of Congress simply avoiding a choice which was both fundamental for purposes of the statute and yet politically so divisive that the necessary decision or compromise was difficult, if not impossible, to hammer out in the legislative forge." *Indus. Union Dep't*, 448 U.S. at 687 (Rehnquist, J., concurring in judgment); *see* Sunstein, 94 Va. L. Rev. at 1448.

## II.    The OSH Act Unconstitutionally Delegates Legislative Power to OSHA.

### A.  The Separation of Powers Protects Liberty.

"Of all 'principle[s] in our Constitution,' none is 'more sacred than . . . that which separates the legislative, executive and judicial powers.'" Dissent 17 (quoting *Myers v. United States*, 272 U.S. 52, 116 (1926)). "The purpose of the separation and equilibration of powers in general" is "not merely to assure effective government but to preserve individual freedom." *Morrison v. Olson*, 487 U.S. 654, 727 (1988) (Scalia, J., dissenting); *see Collins v. Yellen*, 141 S. Ct. 1761, 1780 (2021). This principle also safeguards "democratic values." Dissent 17.

This separation "might seem inconvenient and inefficient to those who wish to maximize government's coercive power." *Texas v. Rettig,* 993 F.3d 408, 409 (5th Cir. 2021) (Ho, J., dissenting from denial of rehearing en banc). But "[t]o the Framers, the separation of powers and checks and balances . . . were practical and

real protections for individual liberty in the new Constitution." *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 118 (2015) (Thomas, J., concurring in judgment); *see also Rop v. FHFA*, 50 F.4th 562, 587 (6th Cir. 2022) (Thapar, J., concurring in part, dissenting in part);  Brett M. Kavanaugh, *Our Anchor for 225 Years and Counting: The Enduring Significance of the Precise Text of the Constitution*, 89 Notre Dame L. Rev. 1907, 1915 (2014). "[T]he framers went to great lengths to make lawmaking difficult," requiring "that any proposed law must win the approval of two Houses of Congress . . . and either secure the President's approval or obtain enough support to override his veto." *Gundy*, 139 S. Ct. at 2134 (Gorsuch, J., dissenting). "The Framers thought that these drawn-out processes not only limited the government's ability to restrict fundamental freedoms, but also promoted deliberation and safeguarded unpopular minorities from the tyranny of the majority." Dissent 17 (citations omitted). Exactly so.

## B. The Constitution Bars Congress from Transferring Its Legislative Power.

Nor may Congress duck the Constitution's accountability checkpoints by divesting itself of its legislative responsibilities. *See also NFIB v. OSHA*, 142 S. Ct. 661, 669 (2022) (Gorsuch, J., concurring). The Constitution bars Congress from transferring "powers which are strictly and exclusively legislative" to other entities. *Wayman*, 23 U.S. (10 Wheat.) at 42; *see Schechter*, 295 U.S. at 529; *Shankland v. Washington*, 30 U.S. 390, 395 (1831) (Story, J.). Instead, "important subjects" "must

be entirely regulated by the legislature itself[.]" *Wayman* 23 U.S. (10 Wheat.) at 43; *see also Paul v. United States*, 140 S. Ct. 342, 342 (2019) (Kavanaugh, J., statement respecting denial of certiorari). This means "the hard choices" "must be made by the elected representatives of the people." *Indus. Union Dep't*, 448 U.S. at 687 (Rehnquist, J., concurring in judgment).

"If Congress could pass off its legislative power to the executive branch, the '[v]esting [c]lauses, and indeed the entire structure of the Constitution,' would 'make no sense.'" *Gundy*, 139 S. Ct. at 2134–35 (Gorsuch, J., dissenting) (citation omitted). "[I]t would frustrate 'the system of government ordained by the Constitution' if Congress could merely announce vague aspirations and then assign others the responsibility of adopting legislation to realize its goals." *Id.* at 2133 (Gorsuch, J., dissenting) (citation omitted). For "[b]y shifting responsibility to a less accountable branch, Congress protects itself from political censure—and deprives the people of the say the framers intended them to have." *Tiger Lily, LLC v. HUD*, 5 F.4th 666, 674 (6th Cir. 2021) (Thapar, J., concurring). "Legislation would risk becoming nothing more than the will of the current President, or, worse yet, the will of unelected officials barely responsive to him." *West Virginia v. EPA*, 142 S. Ct. 2587, 2618 (2022) (Gorsuch, J., concurring).

## C. The OSH Act Lacks An Intelligible Principle.

To be sure, "[t]he line has not been exactly drawn" between "important subjects, which must be entirely regulated by the legislature itself" and matters of "less interest" that Congress can assign to others "to fill up the details." *Wayman*, 23 U.S. (10 Wheat.) at 43. "But the inherent difficulty of line-drawing is no excuse for not enforcing the Constitution." *DOT v. Ass'n of Am. R.R.*, 575 U.S. 43, 61 (2015) (Alito, J., concurring); *see id.* at 86 (Thomas, J., concurring). And "the difficulty of the inquiry doesn't mean it isn't worth the effort." *Nichols*, 784 F.3d at 671 (Gorsuch, J., dissenting from denial of rehearing en banc).

Under the Supreme Court's current jurisprudence,[2] "Congress must 'lay down by legislative act an intelligible principle[.]'" *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 472 (2001) (citation omitted). "[T]he degree of agency discretion that is acceptable varies according to the scope of the power congressionally conferred." *Id.* at 475; *see also* Dissent 26 ("Laws that vest more power require more constraints."). Thus, "when the grant of power is bigger, such that it can 'affect the

---

[2] "[T]h[e] mutated version of the 'intelligible principle' remark" in *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394 (1928), that forms the basis of the "intelligible principle" test "has no basis in the original meaning of the Constitution, in history, or even in the decision from which it was plucked." *Gundy*, 139 S. Ct. at 2139 (Gorsuch, J., dissenting). Instead, the Constitution "speaks in much simpler terms: '*All* legislative Powers herein granted shall be vested in a Congress.'" *Whitman*, 531 U.S. at 487 (Thomas, J., concurring) (quoting U.S. Const. Art. 1, § 1).

entire national economy,' Congress 'must provide substantial guidance.[3]'" Dissent 41 (quoting *Whitman*, 531 U.S. at 475).

Here, "everything turns on whether the phrase 'reasonably necessary or appropriate' sets out an intelligible principle." Sunstein, 94 Va. L. Rev. at 1429. It does not. *See* Dissent 28–44. "If the intelligible principle standard means anything, it must mean that a total absence of guidance is impermissible under the Constitution." *Jarkesy v. SEC*, 34 F.4th 446, 462 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 2688 (2023). *Cf. United States v. Pheasant*, No. 21-cr-24, 2023 U.S. Dist. LEXIS 72572, at *22 (D. Nev. Apr. 26, 2023) (nondelegation violation where statute failed to cabin rulemaking authority). Such is the case here.[4] That conclusion holds true *a fortiori* because Congress granted OSHA sweeping power to choose whether and how to regulate the entire private economy, *see* Dissent 42–43 & n.18, and create its own criminal code, *see* 29 U.S.C. § 666 (civil and criminal penalties).[5] *Cf. Pheasant*, 2023 U.S. Dist. LEXIS 72572, at *20–22.

---

[3] There may be cases where "the significance of the delegated decision is simply too great for the decision to be called anything other than 'legislative[.]'" *Whitman*, 531 U.S. at 487 (Thomas, J., concurring).

[4] If the delegation at issue here passes muster under the intelligible principle test, that test—which itself strays from the Constitution's original public meaning—should be revisited. *Cf.* Dissent 42 n.17.

[5] Federalism principles buttress this conclusion. *See* Dissent 42 n.16 ("What should make us especially skeptical of the lack of guidance here is that the Secretary gets 'authority to regulate an area—public health and safety—traditionally regulated by

### III.   The Time Has Come to Enforce the Separation of Powers.

"Admittedly, the nondelegation doctrine has been more honored in the breach than in the observance." *Rettig*, 993 F.3d at 410 (Ho, J., dissenting from denial of rehearing en banc). And this Court is bound by existing Supreme Court precedent, constitutionally suspect as it may be. *See Gundy,* 139 S. Ct. at 2131 (Gorsuch, J., dissenting); *id.* at 2130–31 (Alito, J., concurring in judgment); *Paul*, 140 S. Ct. at 342 (Kavanaugh, J., statement respecting denial of certiorari). But "the Constitution's original meaning is law, absent binding precedent to the contrary." *United States v. Rife*, 33 F.4th 838, 843–44 (6th Cir. 2022). "There is no such precedent here." *Id.* at 844; *see* Dissent 27 ("Never have we or the Supreme Court decided whether the permanent standards provision under OSHA constitutes an unconstitutional delegation of power."); *see also* Sunstein, 94 Va. L. Rev. at 1448 ("[I]t is not difficult to distinguish OSHA from statutes that the Court has upheld" against nondelegation challenges.).

This Court should therefore decide this constitutional question of first impression based on the original public meaning of the Constitution. After all, "[t]he words of the Constitution are not suggestions or mere formalities." *Rop*, 50 F.4th at

---

the States.'" (quoting *MCP No. 165 v. United States DOL*, 20 F.4th 264, 267 (6th Cir. 2021) (Sutton, C.J., dissenting from denial of petitions for initial hearing en banc)). *Cf. Schechter*, 295 U.S. at 554 (Cardozo, J., concurring) (noting "far-reaching and incurable" Commerce Clause violation).

577 (Thapar, J., concurring in part, dissenting in part). And as Judge Ho put it: "[I]f [courts] are forced to choose between upholding the Constitution and extending precedent in direct conflict with the Constitution, the choice should be clear: '[O]ur duty [is] to apply the Constitution—not extend precedent.'" *Rettig*, 993 F.3d at 417 (Ho, J., dissenting from denial of rehearing en banc) (citation omitted).

Nor should this Court overread Supreme Court precedent to "add[] terms not found in the statute" to "impos[e] limits on [OSHA's] discretion[.]" *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2381 (2020); *see* Dissent 35 n.9. The nondelegation "inquiry [also] does not consider any limiting construction the agency has adopted[.]" Op. 5*; see Whitman*, 531 U.S. at 473; Sunstein, 94 Va. L. Rev. at 1429. Constitutional avoidance likewise cannot rescue Congress's constitutionally flawed handiwork. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 842 (2018). As Judge Nalbandian explained: "This is *not* a time when we have 'more than one plausible construction.' So 'the canon simply has no application' here." Dissent 43 n.19 (quoting *Jennings*, 138 S. Ct. at 842 (cleaned up)). Nor is the major-questions doctrine a viable option for cabining OSHA's sweeping permanent safety standard power. *See* Op. 14 n.3.

The sky will not fall if this Court enforces Article I's Vesting Clause. As Judge Thapar has suggested elsewhere, common strawman critiques against enforcing the Constitution's demands—"Congress is incapable of acting quickly in response to

emergencies" and "modern society is too complex to be run by legislators"—are constitutionally irrelevant and, in any event, lack merit on their own terms. *See Tiger Lily*, 5 F.4th at 674–75 (Thapar, J., concurring).

## CONCLUSION

This Court should grant the Petition.

Respectfully submitted,

/s/ Michael Pepson
Michael Pepson
AMERICANS FOR PROSPERITY FOUNDATION
1310 N. Courthouse Road, Ste. 700
Arlington, VA 22201
571.329.4529
mpepson@afphq.org

11

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of FRAP 29(b)(4) and FRAP 32(a)(7)(B) because it contains 2,526 words. This brief also complies with the typeface and type-style requirements of FRAP 32(a)(5)-(6) because it was prepared using Microsoft Word 2013 in Times New Roman 14-point font.


/s/ Michael Pepson
Michael Pepson

Dated: October 10, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I electronically filed the above Brief of Amicus Curiae Americans for Prosperity Foundation in Support of Appellant's Petition for Rehearing En Banc with the Clerk of the Court by using the appellate CM/ECF system. I further certify that service will be accomplished by the appellate CM/ECF system.


/s/ Michael Pepson
Michael Pepson

Dated: October 10, 2023

13