No. 22-3772

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

ALLSTATES REFRACTORY CONTRACTORS, LLC,

Plaintiff-Appellant,

v.

JULIE A. SU, in her official capacity as Acting Secretary of Labor,
U.S. Department of Labor, et al.,

Defendants-Appellees.

_____

On Appeal from the United States District Court
for the Northern District of Ohio

_____

## RESPONSE IN OPPOSITION TO
## PETITION FOR REHEARING EN BANC

_____

*Of Counsel:*

SEEMA NANDA
 *Solicitor of Labor*
EDMUND C. BAIRD
 *Associate Solicitor for*
  *Occupational Safety and Health*
LOUISE M. BETTS
 *Counsel for Appellate Litigation*
JIN Y. CHONG
BRIAN A. BROECKER
 *Senior Attorneys*
 *U.S. Department of Labor*
 *200 Constitution Ave., NW*
 *Washington, DC 20210*

BRIAN M. BOYNTON
 *Principal Deputy Assistant Attorney*
  *General*

MICHELLE M. BAEPPLER
 *First Assistant United States Attorney*

ALISA B. KLEIN
COURTNEY L. DIXON
 *Attorneys, Appellate Staff*
 *Civil Division, Room 7246*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue, NW*
 *Washington, DC 20530*
 *(202) 353-8189*

# TABLE OF CONTENTS

**<u>Page</u>**

INTRODUCTION AND SUMMARY ................................................................................1

STATEMENT ................................................................................................................2

ARGUMENT ................................................................................................................3

CONCLUSION ...........................................................................................................13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:**                                                                                      **Page(s)**

*Alabama Power Co. v. OSHA,*
    89 F.3d 740 (11th Cir. 1996) ...........................................................8

*American Textile Mfrs. Inst., Inc. v. Donovan*
    452 U.S. 490 (1981) ................................................ 3, 5, 7, 8, 10

*ASARCO, Inc. v. OSHA,*
    746 F.2d 483 (9th Cir. 1984) ........................................................8

*Blocksom & Co v. Marshall,*
    582 F.2d 1122 (7th Cir. 1978) ...................................................3, 6

*Forging Indus. Ass'n v. Secretary of Labor,*
    773 F.2d 1436 (4th Cir. 1985) .....................................................8

*Industrial Union Dep't v. American Petroleum Inst.*
    448 U.S. 607 (1980) ............................................... 1-2, 4, 7, 9

*International Chem. Workers Union, In re,*
    958 F. 2d 1144 (D.C. Cir. 1992) .................................................12

*International Union v. Chao,*
    361 F.3d 249 (3d Cir. 2004) ......................................................12

*International Union, UAW v. OSHA,*
    37 F.3d 665 (D.C. Cir. 1994) .....................................................11

*National Fed'n of Indep. Bus. v. Department of Labor*
    595 U.S. 109 (2022) ............................................................2, 4, 5, 9

*National Grain & Feed Ass'n v. OSHA,*
    866 F.2d 717 (5th Cir. 1988) ................................................. 8, 11

*National Mar. Safety Ass'n v. OSHA,*
    649 F.3d 743 (D.C. Cir. 2011), *cert. denied*, 566 U.S. 936 (2012) ..................... 1, 3, 6, 8

*National Nurses United, In re,*
    47 F.4th 746 (D.C. Cir. 2022) ....................................................12

*Public Citizen Health Research Grp. v. Auchter,*
    702 F.2d 1150 (D.C. Cir. 1983) ..................................................12

*Public Citizen Health Research Grp. v. Chao,*
    314 F.3d 143 (3d Cir. 2002) ...................................................................12

*Public Citizen Health Research Grp. v. U.S. Dep't of Labor,*
    557 F.3d 165 (3d Cir. 2009) ...................................................................8

*United States v. Fields,*
    53 F.4th 1027 (6th Cir. 2022) ...............................................................10

*West Virginia v. EPA,*
    142 S. Ct. 2587 (2022) ........................................................................2, 9


**Statutes:**

Occupational Safety and Health Act of 1970:
    29 U.S.C. § 651 *et seq.* ..........................................................................2
    29 U.S.C. § 651(b)...............................................................................4, 5
    29 U.S.C. § 652(8)..............................................................................4, 10
    29 U.S.C. § 654(a)(1)...............................................................................5
    29 U.S.C. § 655(b)...................................................................................4
    29 U.S.C. § 655(b)(7)...............................................................................6


**Other Authority:**

Cass R. Sunstein, *Is OSHA Unconstitutional?,*
    94 Va. L. Rev. 1407 (2008) ...................................................................11

## INTRODUCTION AND SUMMARY

The premise of plaintiff's petition is that Congress in 1970 gave the Occupational Safety and Health Administration (OSHA) "free rein to make whatever workplace safety rules it wants" and thereby violated the nondelegation doctrine. Pet. 2. But as the panel explained, that premise is incorrect: The Supreme Court has repeatedly interpreted the statute in ways that constrain OSHA's authority. Other courts of appeals have consistently recognized this Supreme Court precedent when considering challenges to OSHA's exercise of its authority and have thus rejected the nondelegation challenge that plaintiff presses here. *See, e.g.*, *National Mar. Safety Ass'n v. OSHA*, 649 F.3d 743, 750 n.8, 752, 755 (D.C. Cir. 2011) (recognizing the Supreme Court has adopted requirements of "significant risk" and economic and technological "feasibility" as a prerequisite for OSHA's exercise of its authority and concluding that the statute provides intelligible principles for the agency to follow)), *cert. denied*, 566 U.S. 936 (2012).

Plaintiff invites this Court to ignore the Supreme Court's interpretations of OSHA's authority, which plaintiff dismissed as "dicta" (Br. 42) in its panel brief and which its petition barely acknowledges. But this Court cannot properly disregard the reasoning of the Supreme Court. Doing so in this context would be especially egregious because in recognizing limitations on OSHA's authority, the Supreme Court has stressed that such an interpretation of the Act is "certainly . . . favored" over a broader construction that might present nondelegation concerns. *Industrial Union*

*Dep't v. American Petroleum Inst.* (*Benzene*), 448 U.S. 607, 646 (1980) (plurality op.); *see National Fed'n of Indep. Bus. v. Department of Labor* (*NFIB*), 595 U.S. 109, 124-26 (2022) (Gorsuch, J., concurring).  Indeed, members of the Court have described the *Benzene* case as the progenitor of the major-questions doctrine, which, Justice Gorsuch recently urged, fulfills the same purpose as the nondelegation doctrine.  *See West Virginia v. EPA*, 142 S. Ct. 2587, 2617, 2619 (2022) (Gorsuch, J., concurring).

Plaintiff's position would turn this Supreme Court precedent on its head and bring this Court into conflict with every other court of appeals to have considered the issue.  The petition for rehearing en banc should be denied.

## STATEMENT

Plaintiff is a general contractor that operates in the "glass, metal, and petrochemical industries."  Compl., R. 1, PageID#18.  Plaintiff's complaint alleged that all permanent workplace safety standards the Secretary of Labor has promulgated pursuant to the Occupational Safety and Health Act of 1970 (Act), 29 U.S.C. § 651 *et seq.*, should be declared unconstitutional because Congress impermissibly delegated legislative power to the Secretary.  Compl., R. 1, PageID#7, 31.

On cross-motions for summary judgment, the district court rejected plaintiff's claim.  This Court affirmed.  The panel majority emphasized that it was not interpreting OSHA's statutory authority "on a blank slate" because the Supreme Court has "previously considered, and construed," that statutory authority.  Op. 8.  In light of those Supreme Court decisions, the panel majority concluded that the Act

falls "comfortably" within the range of delegations approved by the Supreme Court. Op. 14. The panel therefore "join[ed]" decisions of the D.C. Circuit and Seventh Circuit, which rejected nondelegation challenges to the statute's grant of authority to OSHA. *See* Op. 1, 12 (discussing *Blocksom & Co v. Marshall*, 582 F.2d 1122, 1125-26 (7th Cir. 1978), and *National Mar. Safety Ass'n v. OSHA*, 649 F.3d 743, 755-56 (D.C. Cir. 2011), *cert. denied*, 566 U.S. 936 (2012)).

Judge Nalbandian dissented. He emphasized a footnote from a Supreme Court decision that stated that the Court had not addressed "all the applications" that limiting language in the statute "might have." *American Textile Mfrs. Inst., Inc. v. Donovan* (*Cotton Dust*), 452 U.S. 490, 513 & n.32 (1981); *see* Op. 30-31 (Nalbandian, J., dissenting) (citing this footnote from *Cotton Dust*). Judge Nalbandian indicated that he would interpret the statute as providing "*no* criteria or considerations" to guide the Secretary's promulgation of safety standards and that, if the statute were so interpreted, it would be an unconstitutional delegation of authority. Op. 33, 43 (Nalbandian, J., dissenting).

## ARGUMENT

**A.** The panel decision correctly concluded that Congress's delegation of authority to OSHA falls comfortably within the range of delegations approved by the Supreme Court. Op. 14. As the panel majority explained, "the Supreme Court has previously considered, and construed," the Secretary's statutory authority and

determined that the statute cabins the Secretary's authority in meaningful ways. Op. 8.

Congress tasked the Secretary with ensuring "safe and healthful working conditions" "so far as possible." 29 U.S.C. § 651(b). To that end, Congress authorized the Secretary to promulgate workplace safety and health standards, *id.* § 655(b), that must be "reasonably necessary or appropriate to provide safe or healthful employment," *id.* § 652(8). As the Supreme Court recently emphasized, these standards must "be developed using a rigorous process that includes notice, comment, and an opportunity for a public hearing." *NFIB*, 595 U.S. 109, 114 (2022) (citing 29 U.S.C. § 655(b)).

In the decades since the statute was enacted, the Supreme Court has repeatedly recognized that the text, structure, and context of the Act meaningfully constrain the Secretary's discretion to issue workplace safety standards. First, in *Benzene*, a plurality of the Supreme Court considered the Secretary's authority to promulgate standards that are "reasonably necessary or appropriate to provide safe . . . employment and places of employment," 29 U.S.C. § 652(8), and concluded that the statutory term "safe" does not mean "risk-free," *Benzene*, 448 U.S. 607, 642 (1980) (plurality op.). The Supreme Court thus interpreted the Act as requiring the Secretary, before issuing "*any* permanent health or safety standard," "to make a threshold finding that a place of employment is unsafe—in the sense that significant risks are present and can be eliminated or lessened by a change in practices." *Id.* The following year, in *Cotton*

4

*Dust*, the Supreme Court adopted this significant-risk requirement in an opinion for the Court. *See Cotton Dust*, 452 U.S. 490, 505-06 & n.25, 513 n.32 (1981); *see also* Op. 11.

Second, in *Cotton Dust*, the Supreme Court further emphasized that "any standard that was not economically or technologically feasible would *a fortiori* not be 'reasonably necessary or appropriate' under the Act." *Cotton Dust*, 452 U.S. at 513 n.31. Thus, as the panel here explained, the Secretary may not seek to eliminate significant safety risks "to the exclusion of" all other considerations, Op. 10-11, but rather is limited to promulgating only safety standards that are "economically" and "technologically feasible" for industry, Op. 9 (quoting *Cotton Dust*, 452 U.S. at 513 n.31).

Most recently, in *NFIB*, the Supreme Court emphasized that "[t]he Act empowers the Secretary to set *workplace* safety standards, not broad public health measures." 595 U.S. at 117. Thus, the panel emphasized, the Act "limit[s] OSHA's oversight to the workplace and restrict[s] its standards to those that facilitate workplace safety, not, for example, public health policy in general." Op. 9.

The Secretary's discretion is further guided by the "host" of enumerated "principles, purposes, and goals" set forth in the Act. Op. 9. That includes, for example, the Act's explicit purpose of assuring "safe and healthful working conditions" "so far as possible." 29 U.S.C. § 651(b); *see also id.* § 654(a)(1) (requiring employers to provide a workplace "free from recognized hazards that are causing or

5

are likely to cause death or serious physical harm"); *id.* § 655(b)(7) (directing that standards should "prescribe the use of labels or other appropriate forms of warning as are necessary to insure that employees are apprised of all hazards to which they are exposed" and "[w]here appropriate . . . prescribe suitable protective equipment and control or technological procedures to be used in connection with such hazards"). Thus, the panel here explained, while the Secretary "*cannot* issue any standard" unless a safety risk rises to the level of being "significant," the Act also constrains the Secretary's ability to ignore a significant safety risk the agency has identified as requiring action. *See* Op. 9-10.

In light of these limitations, the panel expressly joined the D.C. Circuit and the Seventh Circuit, which have both rejected nondelegation challenges to the Secretary's authority. *See* Op. 1, 12. Writing for the D.C. Circuit, Judge Henderson explained that the Secretary's authority to promulgate "safety standards that are 'reasonably necessary or appropriate to provide safe'" places of employment is "no broader than other delegations that" the Supreme Court has upheld—such as delegations to "act in the 'public interest'" "or in a manner 'requisite to protect the public health,'" "or when 'necessary to avoid an imminent hazard to the public safety.'" *National Mar. Safety Ass'n v. OSHA*, 649 F.3d 743, 755-56 (D.C. Cir. 2011), *cert. denied*, 566 U.S. 936 (2012). The Seventh Circuit likewise found it "perfectly clear" that Congress "chose[] a policy and announced general standards" to guide the Secretary's discretion. *Blocksom & Co. v. Marshall*, 582 F.2d 1122, 1126 (7th Cir. 1978).

6

**B.**  Plaintiff nonetheless insists that Congress gave OSHA "free rein to make whatever workplace safety rules it wants."  Pet. 2.  But plaintiff ignores the Supreme Court's constructions of the statute, on which the panel properly relied.

Plaintiff asserts, for example, that the panel erred in explaining that OSHA may not pursue safety "to the exclusion of all else."  Pet. 17 (quoting Op. 11).  But the panel was describing the Supreme Court's decision in *Cotton Dust*, *see* Op. 10-11, which plaintiff's petition fails to even cite.  The panel correctly recognized, consistent with *Cotton Dust*, that OSHA may not pursue safety "to the exclusion of all" other considerations, such as whether the standard is economically and technologically "feasible" for industry.  *Id.*; *see Cotton Dust*, 452 U.S. at 513 n.31.

In a footnote, plaintiff asserts that the limitations of "significant risk" and feasibility "have no basis in text or precedent."  Pet. 18 n.1 (quotation marks omitted).  But as just explained, a plurality of the Supreme Court in *Benzene* interpreted the statutory term "safe" in § 652(8) as including the requirement of significant risk.  448 U.S. at 652 (plurality op.).  The following year, in *Cotton Dust*, the Supreme Court adopted that requirement in a decision for the Court.  452 U.S. at 505-06 & n.25, 513 n.32.  As the panel here emphasized, *see* Op. 11, every court of appeals to have

considered the issue has agreed that *Cotton Dust* "adopted the significant risk requirement," *National Mar. Safety Ass'n*, 649 F.3d at 750 n.8.[1]

The Supreme Court's opinion in *Cotton Dust* likewise makes clear that economic and technological feasibility, no less than significant risk, are statutory limitations on the agency's authority: the Supreme Court specifically explained that "any standard that was not economically or technologically feasible would *a fortiori* not be 'reasonably necessary or appropriate' under the Act." 452 U.S. at 513 n.31.

Other courts of appeals have therefore applied—and enforced—the limitations of "significant risk" and economic and technological "feasibility" when reviewing OSHA safety standards. *See, e.g.*, *National Mar. Safety Ass'n*, 649 F.3d at 750, 752-53 (reviewing safety standard for significant risk and feasibility and vacating and remanding for lack of substantial evidence demonstrating feasibility); *National Grain & Feed Ass'n v. OSHA*, 866 F.2d 717, 740 (5th Cir. 1998) (reviewing safety standard for significant risk and feasibility and remanding "for reconsideration of the economic feasibility" of standard).

Plaintiff's petition makes no serious attempt to address the Supreme Court's reasoning or this uniform body of court of appeals precedent. Plaintiff's invitation to

---

[1] *See, e.g.*, *Public Citizen Health Research Grp. v. U.S. Dep't of Labor*, 557 F.3d 165, 170, 176 (3d Cir. 2009); *Alabama Power Co. v. OSHA*, 89 F.3d 740, 745 (11th Cir. 1996); *National Grain & Feed Ass'n v. OSHA*, 866 F.2d 717, 727, 737 (5th Cir. 1988); *Forging Indus. Ass'n v. Secretary of Labor*, 773 F.2d 1436, 1444 (4th Cir. 1985) (en banc); *ASARCO, Inc. v. OSHA*, 746 F.2d 483, 490 (9th Cir. 1984).

ignore Supreme Court precedent is especially troubling here, because the Supreme Court's interpretation of OSHA's authority was meant in part to guard against nondelegation concerns that otherwise might arise. In *Benzene*, in interpreting the Act's text as requiring a threshold finding of "significant risk," the plurality emphasized that that construction was "certainly . . . favored" over an interpretation of the Act that would provide OSHA an "open-ended grant" of authority that "might" otherwise present nondelegation concerns. *See Benzene*, 448 U.S. at 646 (plurality op.); *see also West Virginia v. EPA*, 142 S. Ct. 2587, 2619 (2022) (Gorsuch, J., concurring) (recognizing that in *Benzene*, the Court "held it 'unreasonable to assume' that Congress gave an agency 'unprecedented power[s] in the 'absence of a clear [legislative] mandate'" (quoting *Benzene*, 448 U.S. at 645 (plurality op.)). Similarly, in his concurring opinion in *NFIB*, Justice Gorsuch (joined by Justices Thomas and Alito) concluded that the interpretation of the Act the Court adopted there under the rubric of the "major questions doctrine" avoided what the concurrence perceived as a nondelegation issue, reasoning that "[w]hichever the doctrine, the point is the same": the Supreme Court rejected an interpretation of the Act that, in his view, would have imposed "no 'specific restrictions' that 'meaningfully constrai[n]' the agency." *NFIB*, 595 U.S. at 125-26 (Gorsuch, J., concurring).

Plaintiff would turn that approach on its head. Plaintiff invites this Court to disregard the Supreme Court's limiting constructions of the Act and to instead interpret the statute (in conflict with other courts of appeals) as placing *no* constraints

on the Secretary's authority, and then to declare the Act unconstitutional on that ground. It is, however, the Judiciary's duty to uphold an Act of Congress whenever a constitutional interpretation is available. *See United States v. Fields*, 53 F.4th 1027, 1042 (6th Cir. 2022).

For similar reasons, the dissent was mistaken in interpreting the statute as providing "*no* criteria or considerations" to guide the Secretary's promulgation of safety standards. Op. 33 (Nalbandian, J., dissenting). Plaintiff's petition does not discuss the dissent's reason for dismissing the Supreme Court's constructions of the Act and thus plaintiff does not appear to fully embrace that reasoning. The dissent relied on a footnote in the Supreme Court's *Cotton Dust* opinion, which the dissent believed made clear that the Supreme Court "has not told us" what § 652(8)'s "reasonably necessary or appropriate" language means in the context of workplace safety standards. *See* Op. 30-31 (Nalbandian, J., dissenting) (quoting 29 U.S.C. § 652(8)). But in that *Cotton Dust* footnote, the Supreme Court simply indicated that it had not addressed "all the applications" that § 652(8)'s "reasonably necessary or appropriate" language might have, and the Court suggested that provision might place "*additional* restraints" on the Secretary beyond what the Supreme Court had yet considered. *See Cotton Dust*, 452 U.S. at 513 n.32 (emphasis added) (quotation marks omitted). That footnote thus undermines, rather than supports, plaintiff's position.

**C.** Plaintiff's assertion (Pet. 15-16) that the panel's decision conflicts with other courts of appeals is likewise meritless. As discussed above, the panel majority

expressly "agree[d] with [its] sister circuits" in recognizing the limitations the Act places on the Secretary, Op. 11, and "join[ed] [its] sister circuits" in holding the Act does not unconstitutionally delegate lawmaking power, Op. 2.  It is plaintiff's argument that would bring this Court into conflict with its sister Circuits.

Plaintiff asserts that the panel departed from other courts of appeals in recognizing that the agency "must act" to respond to significant safety hazards the agency has identified as requiring attention.  *See* Op. 10-11 (emphasis omitted).  But like the panel, the D.C. Circuit has recognized that the Secretary "is not permitted to 'do nothing at all'" "once it has identified a 'significant' safety risk." *International Union, UAW v. OSHA*, 37 F.3d 665, 669 (D.C. Cir. 1994).  Indeed, the very law review article on which plaintiff relies (Pet. 1) explains that that would be a failure "to do what is 'reasonably necessary or appropriate'" to provide safe places of employment.  *See* Cass R. Sunstein, *Is OSHA Unconstitutional?*, 94 Va. L. Rev. 1407, 1435 (2008).  "If the agency refuses to address a significant risk," or if the agency promulgates a safety standard that "fails to eliminate such a risk," the agency must "offer a good explanation, made out in terms of statutorily relevant factors," which may be subject to judicial review.  *See id.* at 1435-36; *see also, e.g.*, *National Grain & Feed Ass'n*, 866 F.2d at 740 (remanding safety standard to OSHA where it had failed to adequately consider a "facility-wide" safety standard rather than a standard that addressed only particular areas in a facility).

Plaintiff cites cases in which the Third Circuit and D.C. Circuit declined on the facts presented to grant the extraordinary relief of compelling the Secretary to promulgate a standard. *See In re National Nurses United*, 47 F.4th 746, 753-55 (D.C. Cir. 2022) (denying petition for a writ of mandamus to compel OSHA to issue a particular permanent standard); *International Union v. Chao*, 361 F.3d 249, 254 (3d Cir. 2004) (denying petition for review challenging Secretary's decision to not initiate a particular rulemaking). In other cases, however, where the record supported such extraordinary relief, the Third Circuit and D.C. Circuit have granted requests to impose deadlines on OSHA's promulgation of standards. *See, e.g.*, *Public Citizen Health Research Grp. v. Chao*, 314 F.3d 143, 154, 158-159 (3d Cir. 2002); *In re International Chem. Workers Union*, 958 F. 2d 1144, 1150 (D.C. Cir. 1992); *Public Citizen Health Research Grp. v. Auchter*, 702 F.2d 1150, 1158-59 (D.C. Cir. 1983). The panel here had no occasion to consider the circumstances under which such extraordinary relief might be warranted, which was not an issue in this case.

# CONCLUSION

For the foregoing reasons, the petition for en banc review should be denied.

Respectfully submitted,

*Of Counsel:*

SEEMA NANDA
  *Solicitor of Labor*
EDMUND C. BAIRD
  *Associate Solicitor for*
  *Occupational Safety and Health*
LOUISE M. BETTS
  *Counsel for Appellate Litigation*
JIN Y. CHONG
BRIAN A. BROECKER
  *Senior Attorneys*
  *U.S. Department of Labor*
  *200 Constitution Ave., NW*
  *Washington, DC 20210*

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney*
  *General*
MICHELLE M. BAEPPLER
  *First Assistant United States Attorney*
ALISA B. KLEIN
  *s/ Courtney L. Dixon*
COURTNEY L. DIXON
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7246*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue, NW*
  *Washington, DC 20530*
  *(202) 353-8189*

December 2023

## CERTIFICATE OF COMPLIANCE

This response complies with the word limitations in this Court's order because it is 2,924 words. This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Courtney L. Dixon*
Courtney L. Dixon

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

*s/ Courtney L. Dixon*

Courtney L. Dixon